STATE OF NORTH CAROLINA on the RELATION of STACEY W. WADE, INSURANCE COMMISSIONER, v. MUTUAL BUILDING AND LOAN ASSOCIATION.

(Filed 17 October, 1928.)

**Receivers—Allowance and Payment of Claims—Claims for Breach of Insolvent's Executory Contract—Corporations.**

Upon the appointment of a receiver by a court of competent jurisdiction for any cause, executory contracts of employment of a corporation are thereby invalidated during the receivership, performance being made impossible by operation of law, and damages may not be recovered for its breach.

APPEAL by John G. Bikle, claimant, from judgment of *Cranmer, J.,* at April Term, 1928, of WAKE. Affirmed.

This action was begun on 13 August, 1927. Upon the allegations of the complaint, which was duly verified, the relator, as Insurance Commissioner of North Carolina, prayed judgment (1) that defendant, its officers and agents be enjoined from further proceeding with its business, and from interfering in any way with the assets and property of defendant, except to account for the same, and (2) that a receiver of said defendant be appointed to take possession of all its assets and property, to the end that the same may be administered to the best interest of the creditors and shareholders of defendant association.

Upon a hearing duly had on 13 August, 1927, without objection on the part of the defendant, it was ordered, adjudged and decreed by the court "that said Mutual Building and Loan Association, its agents, officers and employees be and they are hereby enjoined from carrying on any further business, and from interfering in any way with the assets and property of said association, except to account for and turn over the same to the temporary receiver herein appointed."

In said order a temporary receiver of defendant, Mutual Building and Loan Association, was appointed. The said temporary receiver at once qualified and took into his possession all the assets and property of defendant, and thereafter duly accounted for same to the permanent receiver, who was appointed at a hearing, had upon an order to show cause to the contrary, on 5 September, 1927. The said permanent receiver, since its appointment and qualification, has been and is now engaged in the administration of the assets and property of defendant association, under the orders of the court, and as therein directed. The defendant association ceased to do business prior to 15 August, 1927.

On 21 March, 1928, within the time allowed for filing claims, John G. Bikle filed with the permanent receiver his claim against defendant association. This claim was for damages resulting from a breach of contract by defendant, by which said defendant had employed the said John G. Bikle as its secretary, at an annual salary of $4,000, to begin on 15 August, 1927, and to continue for one year thereafter. Claimant alleges that on 15 August, 1927, he was ready, willing and able to perform his contract with defendant, but that defendant has breached its contract with him by failure to perform the same. He claims as damages for such breach the amount agreed upon as his salary, less such sums as he has been able to earn since the date of the breach, to wit, 15 August, 1927, and less such sums as he shall be able to earn during the year which will expire on 15 August, 1928.

The claim was disallowed by the permanent receiver. Claimant thereupon filed exceptions to the action of the said receiver, and appealed to

the judge of the Superior Court, assigning as error the refusal of the receiver, upon the facts which the evidence tended to show, to allow his claim.

From judgment approving the action of the permanent receiver with respect to said claim, and affirming its order, disallowing the same, John G. Bikle, as claimant, appealed to the Supreme Court.

*Manning & Manning for claimant.*
*C. A. Gosney and Murray Allen for the receiver.*

CONNOR, J. The decisions of the courts of the several States upon the question presented by this appeal are not uniform. There is sharp conflict in judicial opinion as to the effect of a receivership upon the right of an officer, agent, or employee of a corporation, for which a receiver has been appointed, to recover anticipatory damages for the breach of an executory contract, by which the corporation, prior to the receivership has agreed to pay to its officer, agent or employee a salary, or compensation for services to be rendered to the corporation subsequent to the date on which the receiver was appointed.

In 14 A, C. J., on page 980, it is said: "The question of whether an executory contract is discharged by the appointment of the receiver is one as to which there has been some differences of opinion, some courts taking the position that the contract is discharged, because rendered impossible of performance by act of the law, while other courts take a contrary position, although the claim for damages arising from the breach will constitute a debt of the corporation as distinguished from a debt of the receivership. It is obvious that the subject-matter of the contract is of importance in determining the question, and for that reason in analogy to the rule terminating contracts for personal service as between individuals upon the death of a party, contracts by the corporation for services are, according to the weight of authority, discharged by the appointment of a receiver, or in any event the right to compensation is suspended pending the receivership. There is, however, some authority to the effect that claims for damages arising from breach of contract for services occasioned by the insolvency of the defendant corporation are entitled to be paid pro rata out of funds in the hands of the receiver."

It may be conceded that decisions favorable to officers, agents or employees of a corporation for which a receiver has been appointed by a court of competent jurisdiction, and which for that reason has breached its contract to pay for services which such officers, agents or employees are ready, willing and able to render, pursuant to contracts of employment, subsequent to the receivership, find much support on principle.

However, we have a decision of this Court, which we think authoritative and therefore controlling in this jurisdiction. In *Lenoir v. Improvement Co.*, 126 N. C., 922, 36 S. E., 185, it is held that the appointment of a receiver for a corporation, who is directed to take control of all the property of the corporation, and to assume entire management of its affairs, has the effect of suspending all officers of the corporation; they cannot thereafter interfere with the business of the corporation and are entitled to no salaries during the continuation of the receivership. In the opinion in that case, written by *Douglass, J.*, for the Court, it is said: "We frankly admit that this case has given us much trouble, and to it we have given careful consideration. The authorities on the exact point are not numerous, but they are conflicting, and from courts of the highest respectability."

The decision of the question presented in *Lenoir v. Improvement Co., supra,* was made after a careful review of the authorities in other jurisdictions, and after full citations from opinions written in support of conflicting decisions of other courts. The principle approved and applied by this Court in rendering its decision, is that performance by a corporation of an executory contract to pay for services to be rendered by its officers, agents or employees, pursuant to contracts of employment, subsequent to the appointment of a receiver for the corporation, becomes impossible as the result of an act of the law, and that therefore the contract is discharged. By the appointment of a receiver, who is authorized and directed to take control of all the property of the corporation and to assume the entire management of its affairs, both the corporation and its officers, agents and employees are discharged from their mutual obligations arising out of the contract of employment. The contracts of employment, by which its officers, agents or employees undertake to render service to the corporation are made subject to this principle.

As this is the controlling principle upon which the question presented by this appeal is to be decided, it is immaterial whether the corporation for which the receiver is appointed is insolvent or not, or whether the receiver was appointed because of mismanagement of the corporation by its directors or because of conditions for which the directors cannot be held responsible. The principle is applicable where the receiver has been appointed by a court of competent jurisdiction upon any valid grounds. In the instant case, the claimant does not challenge the validity of the order of the court appointing the receiver; indeed, he makes no objection to the receivership, but by filing his claim acquiesces in the appointment.

Upon the authority of *Lenoir v. Improvement Co., supra,* the judgment must be

Affirmed.